IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RYAN LLOYD and )
KRISTEN MCCLINTOCK, )
 )
        Plaintiffs, )
 )
vs. ) Case No. CIV-15-964-M
 )
BRSI, LLC and )
THE KEY FINANCE, INC., )
 )
        Defendants. )

**ORDER**

Before the Court is defendants' Joint Motion to Compel Arbitration, filed September 4, 2015. On October 9, 2015, plaintiffs filed their response, and on October 16, 2015, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

On June 25, 2014, plaintiffs purchased a 2011 Toyota Corolla from defendant BRSI, LLC. As part of the purchase, plaintiffs signed an arbitration agreement ("Arbitration Agreement"). The Arbitration Agreement provides, in pertinent part:

> The Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement, including but not limited to any claim that all or any part of this Agreement is void or voidable.
>
> Any claim or dispute, whether in contract, tort or otherwise (including the interpretation and scope of this clause and the arbitrability of any issue), between you and Key Finance or its employees, agents, successors or assign, which arises out of or relates in any manner to the purchase, financing, or lease of your vehicle or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Arbitration Agreement, such as an assignee of the Contract or Lease Agreement) shall, at your or our election (or the election of any such third party)

> be resolved by neutral, binding arbitration and not by a court action. Any claim or dispute is to be arbitrated on an individual basis and not as a class action. **You expressly waive any right you may have to arbitrate a class action. This is called the "class action waiver."**

Arbitration Agreement, attached as Exhibit 2 to Defendants' Joint Motion to Compel Arbitration and Brief in Support, at 1.

On June 25, 2015, plaintiffs filed the instant action in the District Court of Oklahoma County, State of Oklahoma. On September 3, 2015, defendants removed this action to this Court. Defendants now move this Court to enter an order compelling plaintiffs' claims to arbitration pursuant to the Federal Arbitration Act ("FAA") and the Arbitration Agreement and staying all further proceedings in this case.

## II. Discussion

Section 2 of the FAA provides:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. Under Section 3 of the FAA, if a federal district court determines that a suit is subject to an arbitration agreement, it shall, on application of a party, stay the litigation pending arbitration in accordance with the terms of the agreement. *See* 9 U.S.C. § 3.

Defendants contend that a valid agreement to arbitrate exists between the parties and that plaintiffs' claims fall within the scope of the Arbitration Agreement. Defendants, therefore, contend that all of plaintiffs' claims should be compelled to arbitration and stayed pending the conclusion of the arbitration. Plaintiffs assert that they were fraudulently induced into signing the Arbitration

Agreement, making the Arbitration Agreement void.[1]  Additionally, plaintiffs assert that they did not knowingly and voluntarily give up their constitutional rights to a jury trial.  In their reply, defendants contend that the parties clearly and unmistakably delegated disputes regarding the interpretation, applicability, enforceability, or formation of the Arbitration Agreement to the arbitrator, and, therefore, the issue whether plaintiffs were fraudulently induced into signing the Arbitration Agreement and the appropriateness of plaintiffs' waiver of their constitutional rights to a jury trial should be decided by the arbitrator.  Additionally, defendants contend that plaintiffs' knowing and voluntary argument is without merit.

The Arbitration Agreement specifically provides that the arbitrator "shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of [the Arbitration Agreement], including but not limited to any claim that all or any part of this Agreement is void or voidable."  Arbitration Agreement at 1.  "If a party challenges the validity under § 2 [of the FAA] of the precise agreement to arbitrate at issue, the federal court must consider the challenge before ordering compliance with that agreement under § 4 of the [FAA]"; however, if a party challenges another provision of the agreement, or the agreement as a whole, that challenge does not prevent a court from enforcing a specific agreement to arbitrate.  *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70-71 (2010).  In *Rent-A-Center*, the United States Supreme Court was confronted with an arbitration agreement that contained the exact same delegation provision set forth above.  The Supreme Court found that "[t]he delegation provision is an agreement to arbitrate threshold issues concerning the arbitration agreement."  *Id.* at 68.  The Supreme Court further found:

---

[1]Plaintiffs do not dispute that they signed the Arbitration Agreement.

> An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other. The additional agreement is valid under § 2 "save upon such grounds as exist at law or in equity for the revocation of any contract," and federal courts can enforce the agreement by staying federal litigation under § 3 and compelling arbitration under § 4.

*Id.* at 70. Finally, the Supreme Court held that "unless [plaintiff] challenged the delegation provision specifically, [the court] must treat it as valid under § 2, and must enforce it under §§ 3 and 4, leaving any challenge to the validity of the Agreement as a whole for the arbitrator." *Id*. at 72.

In the case at bar, plaintiffs challenge only the Arbitration Agreement as a whole, specifically asserting that they were fraudulently induced into signing the Arbitration Agreement, making the Arbitration Agreement void, and that they did not knowingly and voluntarily give up their constitutional rights to a jury trial. Plaintiffs do not specifically challenge the delegation provision. In fact, nowhere in plaintiffs' response to defendants' motion do plaintiffs even mention the delegation provision. Accordingly, the Court finds that it must treat the delegation provision as valid under § 2 of the FAA and must enforce it under §§ 3 and 4 of the FAA. Thus, plaintiffs' challenges to the validity of the Arbitration Agreement as a whole are matters to be decided by the arbitrator.

III.  Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS defendants' Joint Motion to Compel Arbitration [docket no. 10], COMPELS arbitration of plaintiffs' claims, including their

claims regarding the validity of the Arbitration Agreement as a whole, and STAYS further proceedings as to plaintiffs' claims pending arbitration.

**IT IS SO ORDERED this 19th day of January, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE